UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| T-BIRD ENTERPRISES, LLC, | : | CASE NO. 18-64547-SMS |
| | : | |
| Debtor. | : | |

**APPLICATION BY TRUSTEE FOR COMPENSATION**

TO:   THE HONORABLE SAGE M. SIGLER
      UNITED STATES BANKRUPTCY JUDGE

This Application of S. Gregory Hays, brought pursuant to Section 330 of the United States Bankruptcy Code, respectfully shows that he is the duly-appointed and qualified Trustee in Bankruptcy of the above-captioned Estate , that the assets of said Debtor have been liquidated, and that there came into the hands of the undersigned Trustee for disbursement the total sum of $3,843.62 of which $0.00 has been disbursed to the Debtor and the Trustee anticipates an additional $0.00 will be distributed to the Debtor.

In the administration of said Estate, your Applicant has performed those services required by a Trustee. This Application is for services rendered from August 18, 2018 through October 20, 2020. The statutory allowance is the sum of $960.91, and Applicant has heretofore received on his account compensation as Trustee in the sum of $0.00.

Your Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Your Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of

fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

On August 30, 2018 (the "**Petition Date**"), T-Bird Enterprises, LLC. ("**Debtor**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 18-64547-sms (the "**Case**"). Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Case.

Trustee and his professionals created this estate after recovering monies owed to the Debtor by its customers.

At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquires after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7) (2015). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2015).

Prior to the Petition Date, the Debtor sold building materials. Based on the date of the open invoice provided to the Trustee, the Debtor's sales ceased around January 2018. The Trustee and his professionals prepared letters and outstanding invoice notices to the approximately $27,000 in outstanding invoices. However, based upon the responses received, the majority of the open accounts receivable were not collectible for various reasons. The Trustee collected a total of $3,843.62. In addition, the Trustee confirmed the outstanding secured claim against the Debtor's assets has been paid in full.

Despite what appeared to be $27,000 in open receivables, the Trustee only collected $3,843.62 as the majority was previously paid, the goods were not delivered or for other various reasons. In his Trustee Final report, the Trustee is proposing paying $1,100 to the Internal Revenue Service relating to unpaid wage withholding.

As said Trustee, your Applicant has or will pay in the final administration of the case out of his own funds expenses totaling $69.05, none of which have been repaid and for which he prays for reimbursement. Attached hereto marked as Exhibit "A" and incorporated herein by reference is an itemization of Trustee's expenses.

WHEREFORE, S. Gregory Hays prays for such allowance for his services herein in the amount of $960.91 plus reimbursement of expenses in the amount of $69.05 and as the Court finds reasonable and just.

Respectfully submitted this 222nd day of October, 2020.

/s  
S. Gregory Hays  
Chapter 7 Trustee

Hays Financial Consulting, LLC  
2964 Peachtree Rd, N.W, Ste 555  
Atlanta, Georgia 30305  
404) 926-0060

**Exhibit "A"**

# Hays Financial Consulting, LLC

2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**T-Bird Enterprises LLC**
**Case # 18-64547-SMS**

**For the Period from   3/30/2018   to   10/20/2020**

October 20, 2020

|  |  | **Amount** |
|---|---|---:|
| | **Expenses** | |
| 1/9/2020 | 2020 Bond fee | 1.35 |
| 10/20/2020 | Case Closing Expenses: | 67.70 |
| | Copies NFR - 48 notices @ 6 pages @ $0.15 per copy - $43.20 | |
| | Postage NFR - 48 notices @ $0.50 per notice - $24.00 | |
| | Postage distribution checks - 1 checks @ $0.50 per check - $0.50 | |
| | Subtotal | 69.05 |
| | **Total costs** | **$69.05** |